CINCINNATI, H. & D. RY. v. GEORGE J. BROSSIA ET AL.

1. COUNTY COMMISSIONERS NOT REQUIRED UNDER LAN. R. L. 7951 (R. S. 4658), TO PROCEED DE NOVO AFTER REPORT OF REVIEWERS.

Where the report of road reviewers appointed by the board of county commissioners is in favor of the establishment of the road petitioned for, or otherwise in agreement with the report of the viewers, the commissioners are not required by Lan. R. L. 7951 (R. S. 4658) to then proceed *de novo* by reading and rereading the report of the reviewers upon two different days of the same session, but the proceedings should be resumed where discontinued at the time of the filing of the petition for review.

2. ORDER OF COUNTY COMMISSIONERS AS TO DAMAGES AND COSTS SUFFICIENTLY COMPLIED WITH, WHEN.

Where the board of county commissioners orders the payment of the costs and damages forthwith as a condition precedent to the establishment of

a road it must affirmatively appear that they were not paid forthwith in order to constitute error for which the proceedings should be reversed, It would be in substantial conformity with such order if the costs and damages were paid immediately prior to the time that the order was made for the establishment and opening of the road. As the commissioners could modify or waive the requirements of the order all defects in the record in that respect would be cured, if afterwards they permitted the payment to be made.

**8. Payment of Costs and Damages Should be Made Into County Treasury.**

The costs and damages arising from the establishment of a county road under the provisions of Lan. R. L. 7908 (R. S. 4637) *et seq.* should be paid into the county treasury, and not directly to the claimants.

Error to Wood common pleas court.

**R. D. Marshall** and **F. A. Baldwin,** for plaintiff in error.

**E. G. McClelland,** for defendant in error.

**PARKER, J.** (Orally.)

A proceeding was instituted before the county commissioners of this county by George Brossia and other petitioners for a county road under the chapter upon that subject beginning with Lan. R. L. 7908 (R. S. 4637). The road was established by the county commissioners, and the plaintiff, the railroad company being dissatisfied and being interested, appealed to the probate court as it might do under the statute. The evidence adduced upon the hearing before the probate court was simply and only the record of the proceedings before the county commissioners, and upon that evidence the probate court entered up judgment in accordance with the order of the county commissioners, *i. e.*, confirming their action. Error was thereupon prosecuted to the court of common pleas and the judgment of the probate court was affirmed, and now the railroad company prosecutes error to this court to obtain an order of reversal and the setting aside of the order of the county commissioners and the judgments of the probate court, and the court of common pleas.

It appears from the record that after the report of the viewers had been brought in, a petition was filed for a review, and an order to review was made, and a report of the reviewers was brought in, and that report, as well as the report of the original viewers, was in favor of the establishment of the road. The county commissioners, however, were of the opinion that the road was not of sufficient importance to the public to justify the payment from the county treasury of the costs and damages that had been awarded, and therefore, proceeding under Lan. R. L. 7943 (R. S. 4651) the county commissioners ordered that the road should be established upon the petitioners paying these costs and damages, or a certain proportion of them, I am not certain which, which further order

is authorized by Lan. R. L. 7943 (R. S. 4651). This order was, that as a condition of the opening of the road these costs and expenses should be paid. It appears from the record that within a few months the costs and damages were paid by the petitioners, and that thereupon the county commissioners ordered the opening of the road.

The complaint of the plaintiff in error is that after the report of the reviewers was brought in, upon its being read but one time, the county commissioners proceeded to make this order for the establishment and opening of the road. The section upon that subject is Lan. R. L. 7946 (R. S. 4653) which reads as follows:

"If the report of the reviewers be in favor of the road, the same shall be established, recorded, and opened, agreeably to the provisions of this chapter, and the persons bound for the same shall pay into the county treasury the amount of the costs of such review."

Laning R. L. 7951 (R. S. 4658) is relied upon by the county commissioners. It provides that:

"If, on receiving such report, there is no legal objection thereto, and the commissioners of all the counties interested are of opinion that such road, if opened, would be of public utility, they shall order the same to be opened in the manner pointed out by this chapter."

It is insisted by the plaintiff in error that the meaning of that provision is that the county commissioners shall proceed substantially *de novo*, as if this were the original report of the original viewers, and that therefore in pursuance of Lan. R. L. 7942 (R. S. 4650) which it is said should be read with this, the report should be read on two different days of the same session, and if no application be made to them for a review of the road or any part thereof, if the same be capable of division, will be of public utility, and the report of the viewers is favorable thereto, and no damages have been claimed or assessed, shall on the third day of the session cause the report, survey and plat to be recorded.

These provisions apply to the original report of the viewers; it is insisted however that because of the phrase which I have read from Lan. R. L. 7935 (R. S. 4643) they apply as well to the report of the reviewers and that their report should be read on two different days before action is taken upon it.

We are of the opinion that the true construction of this section is given in Giauque, Road & Bridge Laws 42, paragraph 155 reading:

"When the reason for discontinuing the proceedings provided for before paragraph 123, above, is the filing of a petition for review, and the reviewers accordingly appointed also report in favor of the road, or otherwise in agreement with the report of the viewers, these proceedings

should be resumed where left off, and the orders as to establishing and opening the road should be made and recorded, with such modifications only as the proceedings on the petition for review have made necessary.''

We can see no reason for requiring the reading and rereading of the report of the reviewers upon different dates, neither do we think that the statute requires that.

There are circumstances under which the county commissioners are required to go back to the petition and begin *de novo;* for instance in Lan. R. L. 7944 (B. 4651a) where the report of the viewers comes in and it is found there is a substantial irregularity in the proceedings; in a case of that kind it is provided that the proceedings shall recommence at the point provided for by Lan. R. L. 7934 (R. S. 4642) and shall proceed as before; and turning back to that section and observing what is required from that point, we find it leaves nothing substantially but the petition on file as a basis for a proceeding for the establishment of the road. That is a reasonable provision, and in view of the fact that there is this specific provision with respect to this kind of a case, we think it adds force to the construction that Giauque in his work has given to the statute. The county commissioners made an order substantially for the suspension of the proceedings until a report of the reviewers came in. Upon the report of the reviewers coming in, it being confirmatory of the reviewers' report, they took the proceedings up at the point where they had suspended them and proceeded to the end, *i. e.,* the establishing of the road.

It is said there is error in this record, because of the fact that the county commissioners ordered the payment of the costs and damages forthwith as a condition precedent to the establishment of the road, and that it does not appear that they were paid forthwith. Indeed, it does not appear that they were not paid forthwith, and if there was any error in that, if it would be an error to proceed unless they were paid forthwith, that should affirmatively appear as a ground for reversing the proceedings. But we think that even if the costs and damages were not paid until immediately prior to the time that the order was made for the establishment and opening of the road, that that would be a substantial conformity to the order that they should be paid. At all events, the authority providing this condition might waive it, or modify it, and by afterwards permitting the payment to be made and ratifying it, all possible defects in that respect would be cured.

It is said too that the payments should have been made directly to the claimants. Payments were made, it appears, to the county, *i. e.,* the money was paid into the county treasury, and we think that was

proper. We think it would lead to confusion and difficulty to undertake to work it out in any other manner, especially the manner suggested. We think this is not only a substantial compliance with the statute, but the other course should not be encouraged, and perhaps would not be proper at all. At any rate, we find there is no error in this proceeding. As to this being a conditional order, I have already stated that Lan. R. L. 7943 (R. S. 4651) provides for just such an order.

What the statute provided on this subject at the time of the decision by the Supreme Court, cited to us, to the effect that an order of this character may not be conditional, we have not examined. We are satisfied that the order in this case was in substantial conformity to the statute and that the proceedings all through are so; that there is no material error, and therefore the judgment of the court of common pleas will be affirmed.

**Hull** and **Haynes, JJ.,** concur.